FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 15, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVINA HOYT, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL GROUP INC., a foreign profit corporation,<br><br>    Defendant. | No.   2:20-cv-00379-SMJ<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE** |

Before the Court, without oral argument, is Plaintiff's FRCP 12(f) Motion to Strike Defendant's Insufficient Process, Jurisdictional Challenge, and Insufficient Service Defenses, ECF No. 10, Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404(a), ECF No. 12, Plaintiff's Motion to Strike Portions of the Declaration of Christopher Pierce-Wright, ECF No. 18, and Plaintiff's Motion to Strike Portions of the Declaration of Michael Parker, ECF No. 19. Also pending before the Court are Plaintiff's Motion for Partial Summary Judgment, ECF No. 22, and Defendant's Cross Motion for Partial Summary Judgment, ECF No. 23.

ORDER GRANTING MOTION TO TRANSFER VENUE – 1

The Court has reviewed the record and is fully informed. It has determined that the Southern District of California is the more practical forum to hear this case, and so grants Defendant's motion to transfer. As described below, the Court grants in part and denies in part Plaintiff's motions to strike portions of the Defendants' declarations. Finally, the Court denies the remaining motions with leave to renew in the transferee court.

## BACKGROUND

Plaintiff was involved in a car accident, driving her mother's car, while she was staying with her mother in the San Diego area, where the driver of the other car fled the scene. ECF No. 1-6 at 3. Over the next several months, Plaintiff sought various treatment related to her injuries, also in California. *Id*.

Plaintiff filed an insurance claim with her mother's insurer. *Id.* at 4. She later filed a claim for uninsured or underinsured motorist coverage with her insurer, Liberty Mutual,[1] based on an Underinsured Motorist (UIM) policy with a Washington State address. *Id*.

Plaintiff alleges that Liberty Mutual failed to comply with its UIM policy. ECF No. 1 at 9. She brings actions for Enforcement of Contract for Uninsured Motorists Coverage Per Policy For Negligence, Insurance Fair Conduct Act,

---

[1] Defendant, Liberty Mutual Insurance Company, also argues that the claims against it lack factual or legal basis because Liberty Mutual Fire Insurance Company (LMFIC), not it, should have been named in the Complaint. *See* ECF No. 12 at 3.

ORDER GRANTING MOTION TO TRANSFER VENUE – 2

Consumer Protection Act, Bad Faith, Declaratory Judgment, Breach of Contract, and Negligent Claims Handling. ECF No. 1. Defendant counterclaims for a declaratory judgment. ECF No. 7. Among other things, Plaintiff alleges that Liberty Mutual improperly discounted her medical expenses by comparing the amount billed to the Medicare reimbursement payment rates. ECF No. 1 at 4.

## DISCUSSION

**A.    Motions to Strike Portions of Declarations**

    **1.    Christopher Pierce-Wright Declaration[2]**

        **a.    Paragraph 3**

Plaintiff moves to strike Paragraph 3 as a legal conclusion. ECF No. 18 at 1. The paragraph states: "Another factor relevant to the motion is which state's substantive law applies. The parties disagree on whether California or Washington law applies to various aspects of their dispute and have not been able to resolve that disagreement." ECF No. 14 at 2. That the parties disagree is a statement of fact. The relevance of choice of law to the motion is a legal conclusion. The Court thus strikes the first sentence but declines to strike the second.

//

//

---

[2] Pierce-Wright filed two declarations in this case, ECF Nos. 14 & 16. Plaintiff's motion does not specify to which it is referring, although by context it appears to be ECF No. 14.

ORDER GRANTING MOTION TO TRANSFER VENUE – 3

### b. Exhibit 1

Plaintiff next moves to strike Exhibit 1, an excerpt from the data collected by the federal court system on court management statistics, under Federal Rule of Evidence 106 "because it is not the complete certified policy." ECF No. 18 at 1. Federal Rule of Evidence 106 states that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any part – or any other writing or recorded statement – that in fairness ought to be considered at the same time." This rule does not require the Court to strike the exhibit; rather, it gives Plaintiff an opportunity to introduce evidence that ought in fairness be considered. And Defendant included a link to the complete report. The Court thus declines to strike this exhibit.

### 2. Michael Parker Declaration

### a. Paragraph 2

Plaintiff moves to strike Paragraph 2 under Federal Rule of Evidence 802 as hearsay. ECF No. 19 at 1. Paragraph 2 states:

> Ms. Hoyt's claims arise out of a motor vehicle accident in the San Diego, California area that occurred on July 20, 2018. Attached as **Exhibit 1** is a true and correct copy of the police report from Ms. Hoyt's accident. This record and all medical records attached to my declaration were provided by Ms. Hoyt during the course of her insurance claim.

ECF No. 13 at 1–2 (emphasis in original).

ORDER GRANTING MOTION TO TRANSFER VENUE – 4

Under Federal Rule of Evidence 802, hearsay is generally not admissible absent an exception. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801. Paragraph 2 does not constitute hearsay.

### b.    Paragraph 7

Plaintiff moves to strike Paragraph 7 under Federal Rule of Evidence 802 as hearsay and under 411. ECF No. 19 at 1. Paragraph 7 states: "Shortly after the accident, Ms. Hoyt filed an insurance claim with her mother's insurer, Progressive Insurance Co. She informed LMFIC of her initial claim by phone; a copy of the claim note reflecting that conversation is attached as **Exhibit 7**." ECF No. 13 at 2–3 (emphasis in original).

Rule 411 states that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Because this paragraph is not being used to prove wrongful conduct and is not hearsay, the Court declines to strike it.

### c.    Paragraph 8

Plaintiff moves to strike Paragraph 8 under Federal Rule of Evidence 802 as hearsay. ECF No. 19 at 1. Paragraph 8 states: "Ms. Hoyt subsequently filed a claim for uninsured motorist coverage with LMFIC, her insurer. Defendant Liberty

Mutual Group, Inc. is not Ms. Hoyt's insurer. A copy of the declaration pages from Ms. Hoyt's insurance policy, which identifies LMFIC as her insurer, is attached as **Exhibit 8**." ECF No. 13 at 3 (emphasis in original). This paragraph is not hearsay, so the Court declines to strike it.

### d.     Paragraph 9

Plaintiff moves to strike Paragraph 9 under Federal Rules of Evidence 408 and as hearsay. She also argues that the first sentence is hearsay. Paragraph 9 states:

> Ms. Hoyt was initially represented in her claim with LMFIC by counsel from San Diego. Attached as **Exhibit 9** is a copy of her initial demand dated April 4, 2019 from Eugene Bruno & Associates, with a San Diego address. LMFIC's first contact with Ms. Hoyt's current Washington counsel was when she sent formal notice of intent to file a lawsuit under the Insurance Fair Conduct Act.

ECF No. 13 at 3 (emphasis in original).

Rule 408 prohibits use of compromise offers and negotiations to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement. Fed R. Evid. 408(a). But the Court may admit the evidence for another purpose.

This statement is not inadmissible hearsay. And Defendant is offering this evidence to show that Plaintiff's lawyer was from San Diego, so it is admissible under Rule 408. The Court declines to strike this paragraph.

//

ORDER GRANTING MOTION TO TRANSFER VENUE – 6

**B.    Defendant's Motion to Transfer Venue**

Under 28 U.S.C. § 1404(a), this Court may transfer a case to another district where the case might have been brought. To show a transfer is appropriate, the moving party must show (1) venue is proper in the current district, (2) the plaintiff could have brought the current action in the target venue, and (3) the transfer would serve the convenience of the parties and witnesses and promote the interest of justice. *See, e.g.*, *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F.Supp. 503, 506 (C.D. Cal. 1992).

The Court grants the motion to transfer venue. There are witnesses and evidence related to the accident and Plaintiff's treatment in California, whereas there do not appear to be non-party witnesses and evidence in Washington. Even if Washington law applies, the Southern District of California appears to be a more convenient and practical forum for this action.

**1.    Venue is proper in this District**

Venue is proper in the Eastern District of Washington because Defendant does business in this District, and thus would be subject to this court's personal jurisdiction for this action. *See* 28 U.S.C. § 1391(b), (c).

//

//

//

## 2. Plaintiff could have brought this action in the Southern District of California

Defendant argues that Plaintiff could have brought this action in the Southern District of California because a substantial part of the event or omissions given rise to her claim occurred in that district. *See* 28 U.S.C. 1391(b), (c). Specifically, Plaintiff's accident and treatment occurred in the Southern District of California. *See* ECF No. 1-4.

Plaintiff retorts that Defendant mischaracterizes the action. It is not a tort action arising out of her accident, she argues, but instead, an action to interpret the insurance policy at issue. ECF No. 17 at 2. Specifically, Plaintiff alleges that Defendant did not fully reimburse her for her treatment, but that it accepts liability. She also alleges that Defendant failed to evaluate and pay her claim in a timely manner. She argues that venue in California thus would not have been proper. But in insurance coverage matters, "a court looks to the underlying events for which coverage is sought." *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1047 (N.D. Cal. 2001) (gathering cases). The car accident for which Plaintiff seeks coverage constitutes a substantial part of the events or omissions that gave rise to Plaintiff's claims. Plaintiff thus could have brought this case in the Southern District of California.

//

### 3.     Transfer is practical and promotes the interests of justice

Courts look at many factors in determining the convenient forum for an action, including

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel the attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof,

(9) public policy considerations, *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000), and (10) the venues' relative congestion, *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1196 (S.D. Cal. 2007). Taken together, the factors weigh in favor of transfer in this case.

#### a.     Five factors weigh in favor of transfer

##### i.     The Respective Parties' Contacts with The Forum

Defendant (and the asserted proper defendant, LMFIC) are nationwide entities and so do not have greater contacts with either forum. *See* ECF No. 7 at 15; ECF No. 12 at 6. Plaintiff's insurance policy listed an address in Pullman, Washington and Plaintiff is a resident of Washington. ECF No. 1-6 at 4; ECF No. 1 at 1. But Plaintiff stayed in California while receiving treatment after the accident. *See* ECF No. 1-6 at 4. This factor slightly favors transfer.

ORDER GRANTING MOTION TO TRANSFER VENUE – 9

    **ii.**  **The Contacts Relating to The Plaintiff's Cause of Action in the Chosen Forum**

Although the insurance policy at issue in this action was issued in Washington, Plaintiff's accident and treatment occurred in San Diego. She also resided in San Diego when she opened her insurance claim, which was filed by a San Diego attorney. ECF No. 13-9.

The fundamental difference in the characterization of this case again seems to cause the gulf between the parties' positions. But, since Plaintiff seeks compensatory damages related to her injuries in the accident, witnesses and evidence related to the injuries are relevant to this matter. ECF No. 1 at 18.

    **iii.**  **The Differences in the Costs of Litigation in the Two Forums**

Transfer would reduce costs related to the proximity and availability of witnesses in this case. "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (internal citation omitted). The relevant Washington witnesses are Defendant's employees and Plaintiff. In California, relevant witnesses include Plaintiff's mother, any other personal acquaintances with knowledge of her treatment and

ORDER GRANTING MOTION TO TRANSFER VENUE – 10

recovery, her emergency department treating providers, her chiropractor, and other doctors.

Plaintiff argues that the issues in this action are largely legal, and that the deciding Court will likely resolve it on a motion for summary judgment. For this reason, she argues, neither venue will reduce costs. Additionally, Plaintiff also argues that this factor is neutral, because, given COVID restrictions, depositions will occur via video. ECF No. 17 at 2. But the court, not Plaintiff, will decide if summary judgment is proper.[3] And given the ever-changing situation surrounding the pandemic, video testimony may cease to be the norm. The Court finds this factor most compelling and that it weighs strongly in favor of transfer.

### iv. The Availability of Compulsory Process to Compel the Attendance of Unwilling Non-Party Witnesses

The subpoena power for nonparty witnesses is limited to anywhere within the district and one hundred miles of the place of trial. *See* Fed. R. Civ. P. 45(c). But a party can compel its employees to testify at trial. *See, e.g.*, *Costco Wholesale Corp.*, 472 F. Supp. at 1193. The parties may thus compel the Washington witnesses

---

[3] In addition, Plaintiff's hope that this case will be resolved at the summary judgment stage is undermined by her Complaint, which states that "Ms. Hoyt has been damaged in an amount to be proven at trial for Defendant Liberty Mutual's breach." ECF No. 1 at 16. And the parties have so far only moved for *partial* summary judgment. *See* ECF Nos. 22, 23.

ORDER GRANTING MOTION TO TRANSFER VENUE – 11

to travel to California to testify, but not vice versa. For reasons like the previous factor, this factor weighs in favor of transfer.

### v. The Ease of Access to Sources of Proof

The parties can easily exchange most records and documents in this case, such as medical records, electronically. ECF No. 12 at 9. But because many of the records of Plaintiff's accident and treatment are from California, this factor slightly favors transfer.

### b. Three factors are neutral

### i. The Court Most Familiar with the Governing Law

The parties disagree over whether California or Washington law applies. ECF No. 14 at 2. Regardless of which state's law applies, "[f]ederal courts are equally equipped to apply distant state laws when the law is not complex or unsettled." *T-Mobile USA, Inc. v. Selective Ins. Co. of Am.*, No. C15-1739JLR, 2016 U.S. Dist. LEXIS 50479, at *11 (W.D. Wash. Apr. 14, 2016) (gathering cases). This Court could apply California law and vice versa. ECF No. 12 at 9. This is especially true because Plaintiff filed in *federal* court, rather than state court.

Plaintiff argues that Defendant has consented to Washington law in its counterclaim. *See* ECF No. 17 at 1. This Court leaves that dispute for the transferee court to decide.

//

ORDER GRANTING MOTION TO TRANSFER VENUE – 12

### ii. Public Policy Considerations

Although a state court might have an interest in applying its own laws and protecting an injured citizen Plaintiff, especially in the insurance context, that factor is less strong in a federal court action. *See* ECF No. 1 at 1. The Court thus determines that this factor is neutral.

### iii. The Venues' Relative Congestion

"The key inquiry in docket congestion is whether a trial may be speedier in another court because of its less crowded docket." *Costco Wholesale Corp.*, 472 F. Supp. 2d at 1196; *see also Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984). But a court should not transfer a case based on docket congestion if the other factors weigh against transfer. *Costco Wholesale Corp.*, 472 F. Supp. 2d at 1196.

As of September 30, 2020, the median time from filing to disposition for civil actions in the Southern District of California is six months. In the Eastern District of Washington, it is 7.4 months. ECF No. 14-1. Defendants argue that this greater-than-twenty-percent difference favors transfer. ECF No. 12 at 7. But the difference—1.4 months—is insignificant, so this factor is neutral.

//

//

//

ORDER GRANTING MOTION TO TRANSFER VENUE – 13

      **c.**      **Two factors weigh against transfer**

          **i.**      **The Location Where the Relevant Agreements Were Negotiated and Executed**

Because Plaintiff's automobile policy was executed in Washington, this factor weighs against transfer. *See* ECF No. 1.

          **ii.**      **The Plaintiff's Choice of Forum**

This factor weighs slightly against transfer because Plaintiff chose to file in this Court. Defendant argues that less deference is owed to the Plaintiff's choice of forum the less connection the matter has to the forum. *See Costco Wholesale Corp.*, 472 F. Supp. 2d at 1191. The Court gives the Plaintiff's choice some deference. But because the other factors so clearly favor transfer, this factor is not persuasive.

    **4.**    **Defendant did not waive transfer of venue by asserting a counterclaim**

Plaintiff did not cite any authority for her argument that Defendant waived its Section 1404(a) argument by asserting a counterclaim in this action. *See* ECF No. 17 at 8–9. Other federal courts have found that a party can move for a transfer of venue based on convenience at any stage, so long as the moving party did not unreasonably delay the request or whether the delay caused prejudice. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 760 (E.D. Tex. 2000). Defendants did not

delay in filing their motion. This Court thus concludes that Defendant did not waive its right to move for transfer of venue.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a), **ECF No. 12**, is **GRANTED**.

2. Plaintiff's Motion to Strike Portions of the Declaration of Christopher Pierce-Wright, **ECF No. 18**, is **GRANTED IN PART** and **DENIED IN PART** as described above.

3. Plaintiff's Motion to Strike Portions of the Declaration of Michael Parker, **ECF No. 19**, is **DENIED**.

4. All other pending motions are **DENIED WITH LEAVE TO RENEW** in the transferee court.

5. This action is **TRANSFERRED** to the United States District Court for the Southern District of California.

6. The Clerk's Office shall **FORWARD** this district's file, along with a copy of this Order, to the Clerk of the United States District Court for the Southern District of California.

//

//

//

7. The Clerk's Office shall thereafter **CLOSE** this district's file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 15th day of March 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge